# EXHIBIT A

# NATIONAL REGISTERED AGENTS, INC.

## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: TODD R. MOORE, SECY, V.P. AND GENERAL COUNSEL
NCI Building Systems
10943 North Sam Houston Parkway West
Houston, TX 77064-

SOP Transmittal # 524342904

800-592-9023 - Telephone

Entity Served: NCI GROUP, INC. (Domestic State: NEVADA)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of TENNESSEE on this 04 day of February, 2014. The following is a summary of the document(s) received:

1. **Title of Action:** Justin Wyatt, Pltf. vs. NCI Group, Inc., etc., Dft.

2. **Document(s) Served:** Other: LETTER/SUMMONS/COMPLAINT/FIRST SET OF INTERROGATORIES

3. **Court of Jurisdiction/Case Number:** Henderson County Circuit Court, TN
   Case # 140041

4. **Amount Claimed, if any:** N/A

5. **Method of Service:**

   ___ Personally served by:      ___ Process Server       ___ Deputy Sheriff      ___ U. S Marshall

   _X_ Delivered Via:              _X_ Certified Mail       ___ Regular Mail        ___ Facsimile

   ___ Other (Explain):

6. **Date of Receipt:** 02/04/2014

7. **Appearance/Answer Date:** Within 30 days after service, exclusive of the date of service

8. **Received From:** Justin S. Gilbert
   Gilbert Russell McWherten PLC
   101 North Highland
   Jackson, TN 38301
   731-664-1340

9. **Federal Express Airbill #** 797828955773

10. **Call Made to:** Not required

11. **Special Comments:**
SOP Papers with Transmittal, via Fed Ex 2 Day
Email Notification, TODD R. MOORE TRMOORE@NCILP.COM

**NATIONAL REGISTERED AGENTS, INC.**                    CopiesTo:

Transmitted by Amy McLaren

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL



USPS Certified Mail
Pitney Bowes $006.90 — JAN 28 2014
0003977516 — MAILED FROM ZIP CODE 38305
02 1P

CERTIFIED MAIL
7010 0290 0002 5018 9941

NCI Group, Inc.,
d/b/a NCI Building Systems
c/o National Registered Agents
800 South Gay Street, Suite 2021
Knoxville, TN 37929-9710

GILBERT RUSSELL McWHERTER PLC
101 N. Highland | Jackson, TN 38301



**GILBERT RUSSELL McWHERTER PLC**

101 N. Highland | Jackson, TN 38301 | 731.664.1340 (T) | 731.664.1540 (F)

January 28, 2014

NCI Group, Inc,
d/b/a NCI Building Systems
c/o National Registered Agents
800 South Gay Street, Suite 2021
Knoxville, TN 37929-9710

**VIA CERTIFIED MAIL/RETURN RECEIPT**

Re: Justin Wyatt v. NCI Group, Inc. d/b/a NCI Building Systems
Our File No. 2510-1

To Whom It May Concern:

Enclosed, please find a Summons that was issued by the Circuit Court of Henderson County, Tennessee, along with a copy of the Complaint and other related documents that have been filed. I am serving you as registered agent for NCI Group, Inc. d/b/a NCI Building Systems.

Should you have any questions or concerns, please do not hesitate to contact me.

Yours very truly,

GILBERT RUSSELL McWHERTER PLC

Jonathan L. Bobbitt

JLB/ams
Enclosures

## THE STATE OF TENNESSEE, HENDERSON COUNTY
## CIRCUIT COURT

JUSTIN WYATT,

          Plaintiff,

vs.

NCI GROUP, INC. d/b/a
NCI BUILDING SYSTEMS,

          Defendant.

SUMMONS IN A CIVIL ACTION

NO. 14004-1

Address:

NCI Group, Inc. d/b/a
NCI Building Systems
c/o National Registered Agents, Inc.
800 South Gay Street, Suite 2021
Knoxville, Tennessee 37929-9710

To the above named Defendant(s):

You are hereby summoned and required to answer, in writing, the complaint which is herewith served upon you, and to serve a copy of same upon Jonathan L. Bobbitt, Gilbert Russell McWherter PLC, who is Plaintiff's Attorney, whose address is 101 North Highland, Jackson, TN 38301, within thirty (30) days after service of this summons upon you, exclusive of the date of service. If you fail to do so, a judgment by default will be taken against you for the relief demanded in the complaint.

Issued this 17th day of January, 2014.

By: _____
      Deputy Clerk

### RETURN ON SERVICE OF SUMMONS

I hereby certify and return, that on the ____ day of _____, 2014, I served this summons together with a copy of the complaint herein as follows:

_____
Sheriff

_____
Deputy Sheriff

IN THE CIRCUIT COURT OF HENDERSON COUNTY
IN LEXINGTON, TENNESSEE

| | |
|---|---|
| JUSTIN WYATT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 14004-1 |
| ) | JURY DEMANDED |
| NCI GROUP, INC. d/b/a ) | |
| NCI BUILDING SYSTEMS, ) | |
| ) | |
| Defendant. ) | |

FILED
JAN 17 2014
Beverly Dunaway, Circuit Court Clerk
By: _____ Deputy Clerk

## COMPLAINT OF RETALIATORY DISCHARGE

COMES NOW THE PLAINTIFF, Justin Wyatt, and files this Complaint against the Defendant, NCI Group, Inc. d/b/a NCI Building Systems. He shows:

### I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a citizen and resident of Henderson County, Tennessee.

2. Defendant, NCI Group, Inc. d/b/a NCI Building Systems, is a foreign (Nevada) corporation operating and doing business in Henderson County, Tennessee where it employed Plaintiff.

3. The acts and omissions complained of in this lawsuit arose in Henderson County, Tennessee. Accordingly, personal jurisdiction, subject matter jurisdiction, and venue are appropriate in this Court.

### II. FACTUAL BASES FOR SUIT

4. Plaintiff was an "employee" of Defendant and worked as a machine operator.

Page 1

5. While working for Defendant, Plaintiff suffered an on-the-job injury and made a "claim" for workers compensation and/or exercised his rights to workers compensation by, *inter alia*, reporting the injury, completing workers compensation paperwork, and beginning treatment covered through workers compensation.

6. Specifically, in or around late August, or early September of 2013, Plaintiff reported to his supervisor that he was suffering from significant pain in his right hand. Plaintiff's supervisor did not take Plaintiff's complaints seriously and instructed Plaintiff to return to his job duties.

7. Later, in or around early October 2013, Plaintiff again reported to his supervisor that his pain had reached a level which necessitated medical treatment. Finally, upon information and belief, Defendant, through Plaintiff's supervisor, completed the necessary paperwork for Plaintiff's workers compensation claim.

8. On or about the same day, the Defendant transported Plaintiff to a doctor for treatment of the injury. The following day, having been returned to full duty by his doctor with a brace and medication, Plaintiff returned to work and assumed his regular job duties.

9. The Plaintiff performed his work duties without incident until October 28, 2013, at which point, after allowing the Plaintiff to work a full shift, Defendant called Plaintiff to the Human Resources Department and terminated the Plaintiff's employment for alleged violation of "Section 801:1(1)(d) of Employee Manual...Failure to perform assigned tasks efficiently, productively, or in accordance with Company quality and workmanship standards" (an adverse employment action). The proffered reason for termination is pretextual and has no basis in fact.

10. In truth and fact, the Plaintiff had not failed to perform his duties in compliance

with the above stated policy and was, to the contrary, performing his job duties within the acceptable standards established by Defendant. Plaintiff was not notified of any such deficiencies until his termination and, in fact, was just recently named "employee of the month".

11. Defendant's motivation in discharging Plaintiff *was* his workers compensation claim, i.e. his exercise of workers compensation rights.

12. The termination caused Plaintiff anxiety, worry, financial distress, and hardship.

13. Plaintiff seeks his lost wages (back pay and/or front pay), reinstatement, compensation for emotional distress and, because the actions were intentional or reckless deprivation of his rights under Tennessee common law, punitive damages.

### III. LEGAL CAUSES OF ACTION

14. Plaintiff brings the following causes of action against Defendant:

A. Retaliatory Discharge Because of a Workers Compensation Claim.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests Defendant Answer this Complaint, that Defendant respond to Plaintiff's First Set of Interrogatories and Request for Production of Documents attached hereto as **Exhibit A** and that Plaintiff be Awarded damages to include back and front pay, pain and suffering and/or humiliation/embarrassment or other compensatory damages, and punitive damages in an amount not to exceed $250,000.00, plus any further legal or equitable relief available. Plaintiff further demands a trial by jury.

Respectfully submitted,

**GILBERT RUSSELL McWHERTER PLC**

_____
Justin S. Gilbert (TN Bar No. 017079)
Jonathan L. Bobbitt (TN Bar No. 023515)
Jessica F. Salonus (TN Bar No. 28158)
101 North Highland
Jackson, TN 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
jgilbert@gilbertfirm.com
jbobbitt@gilbertfirm.com
jsalonus@gilbertfirm.com

## COST BOND

This firm stands as surety for costs not to exceed one thousand dollars ($1,000.00).

_____
Jonathan L. Bobbitt for Gilbert Russell McWherter, PLC

EXHIBIT "A" TO THE COMPLAINT

IN THE CIRCUIT COURT OF HENDERSON COUNTY
IN LEXINGTON, TENNESSEE

| | |
|---|---|
| JUSTIN WYATT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No._____ |
| ) | JURY DEMANDED |
| NCI GROUP, INC. d/b/a ) | |
| NCI BUILDING SYSTEMS, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

TO:   NCI Group, Inc. d/b/a
      NCI Building Systems
      c/o National Registered Agents, Inc.
      800 South Gay Street, Suite 2021
      Knoxville, Tennessee 37929-9710

**NOW COMES** the Plaintiff, Justin Wyatt, and serves the following Interrogatories and Requests for Production of Documents to Defendant, NCI Group, Inc. d/b/a NCI Building Systems:

## I.
## DEFINITIONS AND INSTRUCTIONS

1. "Defendant," "you" and "your" means the Defendant in the above captioned lawsuit.

2. "Lawsuit" means the above-styled case.

3. "Complaint" means Plaintiff's most recently filed active Complaint in the Lawsuit.

4. The term "document," in the singular and plural, means the original and each non-identical

1

copy (whether different from the original because of marginal notes, or other material inserted therein, or attached thereto or otherwise) of any written, graphic or recorded matter within your possession, custody or control, or known by you to exist.

5. The term "person," in the singular and plural means individuals, associations, partnerships, corporations, and any other type of entity or institution, whether formed for business purposes or any other purposes.

6. The term "communication," in singular and plural means any document, oral statement, conversation, meeting, or conference, either formal or informal, at any time or place, and under any circumstances whatsoever, whereby information of any nature was stated, written, recorded, or in any manner transmitted or transferred.

7. Unless otherwise specified, "identify," "identity," and "identifying" mean: (1) in the case of a natural person, to state that person's name, last known address, telephone number, and employer or business affiliation; (2) in the case of a public or private corporation, partnership, association or other entity, to state the name of such entity, its business address, its telephone number, and the identity of the person affiliated with such entity with knowledge of the matters about which are inquired; and (3) in the case of a document, to state: (a) the title, heading, or caption, if any, of such documents; (b) the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery; and (c) any other information necessary so that the party seeking discovery can readily locate the document.

8. The term "relating to" means constituting in whole or in part; concerning; discussing; communicating about; pertaining to; connected with; containing or contained within; referring to; mentioning; supporting; or reflecting.

9. The term "evidencing" means proving, indicating, or probative of the existence or nature of any fact or allegation.

10. If you contend that any of the information sought herein is privileged, either in whole or in part, otherwise subject to an immunity or protection from disclosure, then state the specific grounds for each such objection.

11. The captions used in these interrogatories are for quick reference only and do not limit the scope of the interrogatories themselves.

## II.
## INTERROGATORIES

**INTERROGATORY NO. 1:** *Your identification.* Please identify each person answering or contributing to the answers to these Interrogatories and Requests for Production and his or her representative capacity to the Defendant.

**ANSWER:**

**INTERROGATORY NO. 2:** *Persons with Knowledge.* Please list by name, last known address and last known telephone number all persons having knowledge of any facts relevant to this lawsuit. For each person, state the facts of which he or she has knowledge. Please be advised that Plaintiff will object to the trial testimony of any witness who is not listed in response to this interrogatory.

**ANSWER:**

**INTERROGATORY NO. 3:** *Experts.* State the name, address and occupation of each person whom you expect to call as an expert witness upon the trial in this case. Please identify each person, state the subject matter on which the expert is to testify, and state the substance of the facts and opinions to which the expert is expected to testify.

**ANSWER:**

**INTERROGATORY NO. 4:** *Communications.* Please describe in detail every communication, including but not limited to correspondence, verbal conversations, memoranda, voice mail messages, and electronic communications between any and all agents or employees of Defendant regarding the decision to terminate Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 5** *Termination.* Please state all reasons Defendant terminated Plaintiff, all individuals involved in that decision, and any persons consulted about that decision.

**ANSWER:**

**INTERROGATORY NO. 6.** *Punitive Damages.* Please list Defendant's assets and liabilities and the current value of each. (Respecting the sensitive nature of this material, Plaintiff agrees to execute a protective order so the information will not be disclosed beyond this lawsuit).

**ANSWER:**

3

**INTERROGATORY NO. 7.** *Pay and Benefits.* Please state Plaintiff's salary or rate of pay at the time of termination and describe all employee benefits which Plaintiff lost as a result of the termination.

**ANSWER:**

**INTERROGATORY NO. 8:** *Affirmative Defenses.* Please state all facts upon which you rely in asserting any affirmative defenses in this action.

**ANSWER:**

**INTERROGATORY NO. 9:** *Employees.* Please identify all employees of Defendant who currently hold, or held at the time of Plaintiff's termination, the position of Machine Operator including: (a) the name of the employee; (b) the dates of the employee's employment with Defendant and (c) if no longer working for Defendant, the reason for the employee(s) separation.

**ANSWER:**

## III.
## REQUESTS FOR PRODUCTION

**REQUEST NO. 1.** *Employment Policies.* Please produce all employment policies, including handbooks, personnel manuals, and related documents that were in effect during the course of Plaintiff's employment with Defendant.

**RESPONSE:**

**REQUEST NO. 2:** *Plaintiff's Personnel File.* Please produce any and all documents retained by Defendant relating to its employment of Plaintiff, whether in a personnel file, medical file, or a file by any other name. Documents related to Plaintiff's employment and/or termination should not be withheld on the basis that Plaintiff has failed to identify a specific file by name.

**RESPONSE:**

**REQUEST NO. 3:** *Communications.* Please produce each document (including electronic communications) that pertains to, relates to, or otherwise refers to Defendant's answer to Interrogatory No. 4.

**RESPONSE:**

4

**REQUEST NO. 4:** *Termination.* Please produce each document (including electronic communications) that pertains to, relates to, or otherwise refers to Defendant's answer to Interrogatory No. 5.

**RESPONSE:**

**REQUEST NO. 5:** *Punitive Damages.* Please produce current documentation reflecting the Defendant's net worth. (Respecting the sensitive nature of this material, Plaintiff agrees to execute a protective order so the information will not be disclosed beyond this lawsuit).

**RESPONSE:**

**REQUEST NO. 6:** *Pay & Benefits.* Please produce each document (including electronic communications) that pertains to, relates to, or otherwise refers to Defendant's answer to Interrogatory No.7.

**RESPONSE:**

**REQUEST NO. 7:** *Affirmative Defenses.* Please produce each document (including electronic communications) that pertains to, relates to, or otherwise refers to Defendant's answer to Interrogatory No. 8.

**RESPONSE:**

**REQUEST NO. 8:** *Employees.* Please produce each document (including electronic communications) that pertains to, relates to, or otherwise refers to Defendant's answer to Interrogatory No. 9. This request is limited to each employee identified in Interrogatory No 9's personnel file, or file by any other name containing documentation relating to the employee's employment, length of employment, reason for separation, and any disciplinary actions.

**RESPONSE:**

**REQUEST NO. 9:** *Other Material.* To the extent not already produced, please produce all documents and things that support, refute, refer to, pertain to, or otherwise relate to the claims, defenses, or facts relevant to this action.

**RESPONSE:**

5

**REQUEST NO. 10:** *Acquired Documents.* To the extent not already produced, please produce all documents and things acquired by you (through subpoena, release, or otherwise) that relate to Plaintiff, including but not limited to medical records and employment records.

**RESPONSE:**

**REQUEST NO. 11:** *Termination.* To the extent not already produced, all document or electronic communications that discuss Plaintiff's termination and/or the possibility of Plaintiff's termination.

**RESPONSE:**

**REQUEST NO. 12:** *Electronic Mails.* To the extent not already produced, all e-mails that discuss Plaintiff's employment, injury, workers compensation claim, or termination, including but not limited to emails from the accounts of Dorinda Irby and Jessie Mooney.

**RESPONSE:**

**REQUEST NO. 13:** *Job Descriptions.* To the extent not already produced, all job description(s) for Plaintiff's last job title/position, and/or any other documents that describe Plaintiff's job duties that were in effect when Plaintiff held that job title/position.

**RESPONSE:**

**REQUEST NO. 14:** *Injury.* Please produce any and all documents sent or received by Defendant regarding Plaintiff, Plaintiff's injury, or Plaintiff's workers' compensation claim.

**RESPONSE:**

**REQUEST NO. 15:** *Unemployment File.* Please produce all documents submitted to the Tennessee Department of Labor and Workforce Development by Defendant regarding Plaintiff's unemployment claim.

**RESPONSE:**

**REQUEST NO. 16:** *Tax Records.* Please produce complete copies of Defendant's tax returns from the years 2009, 2010, 2011, 2012 and 2013, including all schedules and attachments, and any documents supporting such schedules or attachments.

**RESPONSE:**

6

**REQUEST NO. 17:** *Earnings.* Please produce documentation reflecting Defendant's retained earnings and any shareholder distributions, including specific amounts, for the years 2009, 2010, 2011, 2012 and 2013, including but not limited to statements of profit and loss sheets and/or balance sheets.

**RESPONSE:**

**REQUEST NO. 18:** *Statements.* Please produce all statements, whether written, oral or recorded, that you have taken from Plaintiff.

**RESPONSE:**

**REQUEST NO. 19:** *Statements.* Please produce all statements, whether written, oral or recorded, that you have taken from any other person concerning the Plaintiff or his legal claims. If you contend this information is privileged, then produce a privilege log.

**RESPONSE:**

**REQUEST NO. 20:** *Privilege Log.* In the event you are withholding any requested document or thing under assertion of privilege, please produce a description of the nature of the documents, communications, or things not produced.

**RESPONSE:**

## VERIFICATION

I have read and reviewed the foregoing responses to interrogatories and affirm under oath that they are true and correct.

By: _____

Respectfully submitted,

**GILBERT RUSSELL McWHERTER, PLC**

Justin S. Gilbert (TN Bar No. 017079)
Jonathan L. Bobbitt (TN Bar No. 023515)
Jessica F. Salonus (TN Bar No. 28158)
101 North Highland
Jackson, TN 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
jgilbert@gilbertfirm.com
jbobbitt@gilbertfirm.com
jsalonus@gilbertfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document was served upon Defendant with the Complaint in this matter.

NCI Group, Inc. d/b/a
NCI Building Systems
c/o National Registered Agents, Inc.
800 South Gay Street, Suite 2021
Knoxville, Tennessee 37929-9710

Jonathan L. Bobbitt

8